UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DEEZO STRONG,                                               Docket No.: 1:18-cv-00628

                     Plaintiff,                                **COMPLAINT**

        v.

                                                   **JURY TRIAL DEMANDED**

LOWE'S HOME CENTERS, LLC, LOWE'S
COMPANIES, INC., and JOHN QUINN a/k/a
JACK QUINN,

                     Defendants.
------------------------------------------------------------X

      Plaintiff Deezo Strong ("Plaintiff" or "Strong"), by and through his attorneys Hepworth, Gershbaum and Roth, PLLC, brings this action for damages and other legal and equitable relief against Defendants Lowe's Home Centers, LLC, Lowe's Companies, Inc., (hereinafter "Lowe's") and John Quinn a/k/a Jack Quinn ("Quinn")(collectively as "Defendants") for the below described pattern of discriminatory behavior in violation of Federal, State and City laws, prohibiting disability discrimination, and retaliation. Plaintiff alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## JURISDICTION AND VENUE

    1. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§1343(3) and 1342(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; and (ii) under Declaratory Judgment Statute, 28 U.S.C. §2201. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. §1367(a), which

confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this Court in as much as this judicial district lies in a State in which the unlawful employment practices occurred. Venue is also proper in this Court pursuant to 28. U.S.C. §1391(b)(1) and (c), in that Defendants maintain offices, conduct business and reside in this district.

## PARTIES

3. Plaintiff is a former employee of Lowe's and John Quinn.

4. Plaintiff resides at 169 Silver Lake Road, Staten Island, New York 10301. Plaintiff was a Loss Prevention & Safety Specialists ("LPSS") for Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York and 2171 Forest Avenue, Staten Island, New York.

5. Defendant Lowe's Home Centers, LLC is a foreign limited liability company doing business in New York.

6. Defendant Lowe's Home Centers, LLC is a foreign limited liability company doing business in New York, whose principal place of business is 1000 Lowe's Blvd., Mooresville, NC 28117.

7. Defendant Lowe's Home Centers, LLC owns the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

8. Defendant Lowe's Home Centers, LLC operates the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

9. Defendant Lowe's Home Centers, LLC manages the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

10. Defendant Lowe's Home Centers, LLC controls the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

11. Defendant Lowe's Home Centers, LLC owns the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

12. Defendant Lowe's Home Centers, LLC operates the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

13. Defendant Lowe's Home Centers, LLC manages the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

14. Defendant Lowe's Home Centers, LLC controls the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

15. Defendant Lowe's Companies, Inc. is a North Carolina Corporation whose principal place of business is 1000 Lowe's Blvd., Mooresville, NC 28117.

16. Defendant Lowe's Companies, Inc. owns the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

17. Defendant Lowe's Companies, Inc. operates the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

18. Defendant Lowe's Companies, Inc. manages the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York.

19. Defendant Lowe's Companies, Inc. controls the Lowe's stores located at 2790 Arthur Kill Road, Staten Island, New York,

20. Defendant Lowe's Companies, Inc. owns the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

21. Defendant Lowe's Companies, Inc. operates the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

22. Defendant Lowe's Companies, Inc. manages the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

23. Defendant Lowe's Companies, Inc. controls the Lowe's stores located at 2171 Forest Avenue, Staten Island, New York.

24. Defendant Quinn during the relevant time period, was a District Manager also termed an Area Loss Prevention Manager.

25. Defendant Quinn was responsible for supervising loss prevention at the 2790 Arthur Kill Road, Staten Island, New York store.

26. Defendant Quinn was responsible for supervising loss prevention at the at the 2171 Forest Avenue, Staten Island, New York store.

27. Defendant Quinn supervised Plaintiff during his employment at Lowe's 2790 Arthur Kill Road, Staten Island, New York and 2171 Forest Avenue, Staten Island, New York stores.

28. Lowe's is a "covered entity" within the meaning of 42 U.S.C. 12111(2) and the relevant provisions of the New York State Human Rights Law and the New York City Human Rights Law.

29. Defendant Lowe's is an employer engaged in an "industry affecting commerce" within the meaning of 42 U.S.C. 12111(5).

30. According to Lowe's most recent file Form 10-K, for 2017, Lowe's operates 1,820 stored located across the United States, and Lowe's employs 190,000 full-time and 100,000 part-time employees.

## ADMINISTRATIVE EXHAUSTION

31. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants on or about February 3, 2017.

32. On or about October 31, 2017, the EEOC issued a Notice of Right to Sue. Allowing three days for mailing, Plaintiff's 90-day period in which to file a federal lawsuit extended to February 1, 2018.

## STATEMENT OF FACTS

33. On or about May 6, 2013, Plaintiff began working for Lowe's as a LPSS at a Lowe's located at 2790 Arthur Kill Road, Staten Island, New York.

34. Plaintiff suffers from Post-Traumatic Stress Disorder, Depression and Anxiety.

35. Due to Plaintiff's condition, Mr. Strong experiences debilitating sadness, fatigue, memory loss, anxiety, exhaustion, difficulty with concentration, cognition and sleeping as well as suicidal tendencies.

36. As a result of Plaintiff's disability, in or about 2014, Plaintiff requested intermittent leave to address his symptoms.

37. Plaintiff renewed his intermittent leave request at six-month intervals as required until his termination on July 4, 2016.

38. In or around July 2015, Plaintiff was advised that Lowe's intended to transfer him from the store at 2790 Arthur Kill Road, Staten Island, New York to a higher volume store located at 2171 Forest Avenue, Staten Island, New York.

39. In or around August 2015, Plaintiff modified his accommodation request to include additional time for him to complete his work assignments and to request that he be allowed to stay at his current employment location at 2790 Arthur Kill Road, Staten Island, New York, which has

a lower sales volume then the store that Plaintiff was going to be transferred to at 2171 Forest Avenue Staten Island, New York.

40. Lowe's granted Plaintiff 's accommodation request on paper.

41. After the request was granted, Plaintiff 's second line supervisor Defendant Quinn, issued Strong a final warning in connection with Plaintiff's failure to timely complete an internal investigation.

42. Plaintiff informed Defendant Quinn that he was not able to complete the investigation due to the unavailability of necessary human resource records during the specified timeline for his completion, but Lowe's nonetheless issued Plaintiff a disciplinary warning.

43. Issuance of a final warning for a first offence under such circumstances was a departure from Lowe's standard practice and because Plaintiff was fearful of further retaliation, Plaintiff withdrew his accommodation request to not be transferred away from Lowe's 2161 Forest Avenue, Staten Island, New York store.

44. In or around August of 2015, Plaintiff was transferred to the Lowe's store located at 2171 Forest Avenue Staten Island, New York.

45. After Plaintiff was transferred, Plaintiff again filed a request for reasonable accommodation to allow him more time to complete assigned tasks.

46. Plaintiff's immediate supervisor, Samantha Birmelin ("Birmelin"), Lowe's Loss Prevention Manager, informed Plaintiff that he was to work through his legally required rest and lunch breaks to afford himself additional time to complete his assigned tasks, which materially changed the conditions of his employment and negated any so called accommodation.

47. Plaintiff was subjected to numerous verbal reprimands in connection with his attempts to avail himself of an accommodation for additional time to complete assigned tasks. Birmelin also

asked Plaintiff not to ask task or instructional related information from other employees and forbid him from working cooperatively with team members to complete assigned tasks.

48. Commencing in November 2015 and continuing until his termination Birmelin informed Plaintiff multiple times per week that he was not timely completing tasks, that he brought no value to the team, that it appeared that he did not want to be "here" anymore and that none of the other store employees liked him or wanted to bring loss prevention issues to Plaintiff.

49. Throughout this period of Plaintiff's employment, Strong informed Lowe's Human Resource Department of Birmelin's behavior and requested a transfer from the 2171 Forest Avenue store.

50. In or around December 2015, Plaintiff executed a stop for a Lowe's shoplifter.

51. Prior to the stop, Plaintiff notified Birmelin of the impending stop to ensure that Birmelin would act as a required witness.

52. Birmelin failed to cooperate with Plaintiff and did not follow Plaintiff or assist during the execution of the shoplifter stop.

53. Birmelin failed to follow Plaintiff without Plaintiff's knowledge and he executed a stop of the shoplifter.

54. Subsequently, Birmelin issued a verbal warning stating that she "could fire" Plaintiff as a result of Birmelin's failing to act as a witness.

55. Plaintiff renewed his request for intermittent leave in or around February 2016.

56. Shortly thereafter Birmelin accused Plaintiff of stealing an item valued at less than one dollar without the benefit of first having and/or conducting an investigation.

57. Birmelin's accusations along with the lack of having an investigation departed from Lowe's loss prevention practices.

58. As a result of the above-mentioned accusation, Plaintiff received another verbal warning.

59. Plaintiff then requested that Birmelin transfer him.

60. On or around March 2016, Birmelin notified Lowe's Human Resource Department in writing of Birmelin's failure to afford him reasonable accommodations, accusations of theft, and of Birmelin's retaliation and continued verbal harassment.

61. Plaintiff's continued requests for a transfer were ignored and Birmelin's behavior towards Plaintiff continued.

62. Plaintiff was terminated from his employment at Lowe's on or around July 4, 2016.

63. As a result of the discriminatory and retaliatory behavior that took place during Plaintiff's employment at Lowe's, Plaintiff has been injured professional, monetarily, and psychologically.

**AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED, 42 U.S.C. § 12101, ET SEQ. ("ADAA") AGAINST DEFENDANTS LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC.**
*(Discrimination, Failure to Reasonably Accommodate Disabilities and Retaliation)*

64. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. Plaintiff is a "qualified individual" within the meaning of 42 U.S.C. 12111(8).

66. Plaintiff is an individual with a "disability" within the meaning of 42 U.S.C. 12102(1)(A) and (2).

67. Plaintiff is an individual who was also regarded as having an impairment, which substantially limit major life activities within the meaning of 42 U.S.C. 12102(1)(C) and 42 U.S.C. 12102(3).

68. Plaintiff was disabled and could not perform certain major life functions but was able to perform the essential functions of his position with a reasonable accommodation. Plaintiff

8

experiences sadness, fatigue, memory loss, anxiety, difficulty with concentration, and cognition difficulty, but was able to perform the essential functions of his job with reasonable accommodation.

69. Defendant Lowe's discriminated against Plaintiff on the basis of his disability in regard to the terms, conditions and privileges of employment in violation of 42 U.S.C. 12112(a) and Defendant Lowe's denied reasonable accommodations to Plaintiff in violation of 42 U.S.C. 12112(b)(5)(A).

70. Defendant Lowe's discriminated and retaliated against Plaintiff on the basis of his disability in regard to the terms, conditions and privileges of employment in violation of 42 U.S.C. 12112(a) when Defendant Lowe's discharged Plaintiff.

71. Plaintiff engaged in protected activity and was subjected to an adverse employment action after the protected conduct occurred. Defendants disciplined and terminated Plaintiff because he engaged in protected activity.

72. This is in direct violation of the ADAA.

73. As a result of these illegal actions, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects. Plaintiff has also been damaged by having lost wages and benefits due to his unlawful discharge.

### AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION FOR VIOLATION OF NEW YORK STATE HUMAN RIGHTS LAW ("NYSHRL") AGAINST DEFENDANTS
*(Discrimination, Failure to Reasonably Accommodate Disabilities and Retaliation)*

74. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. Plaintiff is a qualified individual with a disability within the meaning Executive Law § 292(21).

76. Plaintiff experiences sadness, fatigue, memory loss, anxiety, difficulty with concentration, and cognition difficulty and could not perform major life functions but was able to perform the essential functions of his job with a reasonable accommodation.

77. Defendant Lowe's discriminated against Plaintiff on the basis of his disability in regard to the terms, conditions and privileges of employment in violation of Executive Law § 296(1)(a) when Defendants denied reasonable accommodations to the Plaintiff in violation of Executive Law § 296(3)(a).

78. Defendants discriminated and retaliated against Plaintiff on the basis of his disability in regard to the terms, conditions and privileges of employment in violation of Executive Law §296(1)(a) when Defendants discharged Plaintiff.

79. As described more thoroughly above, Defendants discriminated against Plaintiff in violation of the NYSHRL by subjecting Plaintiff to disability discrimination which was severe or pervasive and gave rise to a hostile work environment.

80. Plaintiff engaged in protected activity and was subjected to an adverse employment action after, the protected conduct occurred. Defendants disciplined and terminated Plaintiff because he engaged in protected activity.

81. This is in direct violation of the New York State Human Rights Law, Executive Law, Section 290, *et. seq.*

82. As a result of these illegal actions, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects. Plaintiff has also been damaged by having lost wages and benefits due to his unlawful discharge.

**AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW AGAINST DEFENDANT QUINN**
*(Aiding and Abetting Discrimination)*

83. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84. Defendant Quinn aided and abetted Lowe's in discriminatory actions denying Plaintiff reasonable accommodations, retaliating against Plaintiff and subjecting Plaintiff to wrongful discharge.

85. This is in direct violation of New York State Human Rights Law, Executive Law, Section 290*, et. seq*.  As a result of these illegal actions, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects.

86. Plaintiff has also been damaged by having lost wages and benefits due to his unlawful discharge.

**AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST DEFENDANTS**
*(Discrimination, Failure to Reasonably Accommodate Disabilities and Retaliation)*

87. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88. Plaintiff is a qualified individual with a disability within the meaning Administrative Code of City of N.Y. § 8-102(16)(a) and (b)(1).

89. Plaintiff experiences sadness, fatigue, memory loss, anxiety, difficulty with concentration, and cognition difficulty, and could not perform major life functions but was able to perform the essential functions of his job with a reasonable accommodation.

90. Lowe's discriminated against Plaintiff on the basis of his disability in regards to the terms, conditions and privileges of employment in violation of Administrative Code of City of

11

N.Y. § 8-107(1)(a) when Defendant Lowe's denied reasonable accommodations to Plaintiff in violation of Administrative Code of City of N.Y. § 8-102 (18) and 8-107 (15)(a) and retaliated against him.

91. Plaintiff was subject to discrimination on the basis of his disability and was denied reasonable accommodations.

92. As described more thoroughly above, Defendants discriminated against Plaintiff in violation of the NYCHRL by subjecting Plaintiff to disability discrimination which was severe or pervasive and gave rise to a hostile work environment

93. Plaintiff engaged in protected activity and was subjected to an adverse employment actions after, the protected conduct occurred. Defendants disciplined and terminated Plaintiff because he engaged in protected activity.

94. This is in direct violation of the New York City Human Rights Law, Administrative Code, Section 8-101, *et. seq*.

95. As a result of these illegal actions, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects. Plaintiff has also been damaged by having lost wages and benefits due to his discharge.

### AS AND FOR PLAINTIFF'S FIFTH CAUSE OF ACTION FOR VIOLATION OF THE NEW YORK CITY HUMAN RIGHTS LAW AGAINST DEFENDANT JOHN QUINN
*(Aiding and Abetting Discrimination)*

96. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

97. Defendant Quinn aided and abetted Lowe's in discriminatory actions denying Plaintiff reasonable accommodations, retaliating against Plaintiff and discharging Plaintiff.

98. This is in direct violation of New York City Human Rights Law, Administrative Code, Section 8-101, *et. seq.*

99. As a result of these illegal actions, Plaintiff has been physically and emotionally damaged in an amount that is not presently calculable due to the ongoing and future effects.

100. Plaintiff has also been damaged by having lost wages and benefits due to his discharge.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment and trial by jury directing Defendants to compensate Plaintiff for his economic loss, humiliation, embarrassment, physical and emotional distress, and mental anguish caused by Defendants' violations of the law alleged in this Complaint. Plaintiff also seeks an award of punitive damages where warranted that are commensurate with Defendants' ability to pay and so as to deter Defendants' future wanton, willful and malicious acts as outlined in the Complaint. Plaintiff also seeks costs and disbursements of this action, including reasonable attorney's fees, and any such other and further relief the Court may deem just and proper.

DATED: January 29, 2018
New York, New York

By: *s/ Rebecca S. Predovan*
Rebecca S. Predovan

Marc S. Hepworth
Charles Gershbaum
David A. Roth
Rebecca S. Predovan
**HEPWORTH, GERSHBAUM & ROTH, PLLC.**
192 Lexington Ave. Ste. 802
New York, NY 10016
Tel: (212) 545-1199
Fax: (212) 532-3801